UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES PEGOUSKE,

    Plaintiff,

v.

    Case No. 2:25-cv-11230
    Hon. Brandy R. McMillion
    United States District Judge

SOFI BANK,

    Defendant.
_____/

## ORDER OF SUMMARY DISMISSAL

Plaintiff James Pegouske ("Pegouske") brings this *pro se* action against Defendant Sofi Bank relating to a lost deposit with the bank. *See generally* ECF No. 1. He has filed an application to proceed without the prepayment of fees (*in forma pauperis*). ECF No. 2. For the reasons below, Pegouske's request to proceed *in forma pauperis* is **GRANTED**; however, the case is **SUMMARILY DISMISSED**.

### I.

As best the Court can discern, Pegouske alleges that he made a deposit with Sofi Bank that was lost, and as a result he incurred fees and creditor charges. *See* ECF No. 1, PageID.3. Other than this general allegation, the Complaint is lacking any factual support of these claims. *See generally* ECF No. 1. Pegouske alleges this conduct is a violation of the "Federal Reserve Act, 12:142 et seq." *Id.* at PageID.4.

## II.

Pegouske filed an application to proceed *in forma pauperis*. ECF No. 2. Pursuant to 28 U.S.C. § 1915, the Court is required to dismiss an *in forma pauperis* complaint if it determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Brooks v. Holstege*, No. 16-12501, 2016 WL 3667961, at *1 (E.D. Mich. July 11, 2016). A complaint is frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may dismiss a claim *sua sponte* under 28 U.S.C. § 1915(e)(2)(B) if it is based on a meritless legal theory. *Neitzke*, 490 U.S. at 327.

Given that Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, even under this less stringent standard, *pro se* pleadings remain subject to summary dismissal. "The mandated liberal construction . . . means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented. . . ." *Baccus v. Stirling*, 2018 WL 8332581, at *1 (D.S.C. Oct. 15, 2018), *report and recommendation adopted*, No. 8:18-CV-1880-JFA-JDA, 2019 WL 978866 (D.S.C. Feb. 28, 2019), *aff'd*, 776 F. App'x 142 (4th Cir. 2019)). Nor may

the Court "'conjure up unpleaded facts to support conclusory allegations.'" *Williams v. Hall,* No. 21-5540, 2022 WL 2966395, at *2 (6th Cir. July 27, 2022) (quoting *Perry v. United Parcel Servs.*, 90 F. App'x 860, 861 (6th Cir. 2004)).

A complaint doesn't need detailed factual allegations, but it must include enough facts to suggest a plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must also allege facts sufficient to establish that the Court has jurisdiction to hear the claims.

### III.

Pegouske's Complaint fails to establish that the Court has jurisdiction to hear his claims. Pegouske alleges the basis for federal court jurisdiction is federal question. *See* ECF No. 1, PageID.5. A plaintiff properly invokes federal question jurisdiction under 28 U.S.C. § 1331 when he or she "pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). Here, the only federal statute identified in the Complaint is the "Federal Reserve Acts 12:142 et seq." *Id.* at PageID.4. However, courts have routinely rejected attempts to invoke the Federal Reserve Act's provisions as a private cause of action. *See Maxwell v. Synchrony Fin.*, No. 1:24-CV-561, 2024 WL 3554954, at *4 (N.D. Ohio July 26, 2024) (citing *Thomas v. Fam. Sec. Credit Union*, No. CV 23-00222-TFM-B, 2024 WL 478070, at *5 (S.D. Ala. Jan. 17, 2024) (collecting cases)); *see also Johnson v. Rocket Mortg., LLC*, No. 2:23-cv-13251,

3

2024 WL 2750001, at *4 (E.D. Mich. May 29, 2024) ("[W]hile the Federal Reserve Act imposes penalties on banks for an array of misconduct, the imposition of those penalties is carried out by federal officials, and private individuals do not a have private right of action to seek penalties under the act.") (citations omitted).

Even construing Pegouske's *pro se* Complaint liberally, it must be dismissed for lack of subject matter jurisdiction. Nothing contained in the Complaint is sufficient for the Court to find Pegouske has alleged any plausible claim of relief based on federal question jurisdiction. *See* 28 U.S.C. § 1331. Because Plaintiff fails to state a claim upon which relief can be granted, the case must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B).

### IV.

Accordingly, Pegouske's Request to Proceed *In Forma Pauperis* (ECF No. 2) is **GRANTED**, but the Complaint (ECF No. 1) is **SUMMARILY DISMISSED**. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

*This is a final order that closes the case.*

IT IS SO ORDERED.

Dated: May 2, 2025　　　　　　　　　　　　　　s/Brandy R. McMillion
　　Detroit, Michigan　　　　　　　　　　　　Hon. Brandy R. McMillion
　　　　　　　　　　　　　　　　　　　　　　United States District Judge